EDWARD L. TINKER *vs.* ELI BEACH & others.

By an ante-nuptial contract between A. and B., made on the 26th of June 1845, B., the intended wife, was to hold her property to her sole and separate use, and was to advance to A., the intended husband, certain promissory notes owned by her, with the proceeds of which A. was to redeem his mortgaged farm, convey one half thereof to B., and have the use of said half so long as he should be a faithful husband to B.: A. had no legal right to redeem said farm, the right to redeem it having wholly gone from him: A. and B. were married on the 15th of July 1845, and A. soon after took said notes from B. without her consent, and put them into the hands of his attorneys, to be collected for him: B. petitioned the court to appoint a trustee to hold her separate property in trust for her, and the court appointed T. as such trustee, at the September term, in 1845, and B., on the 30th of September 1845, conveyed to T. all her separate property, in trust, according to the provisions of *St.* 1845, *c.* 208, § 8: T. brought a bill in equity against A. and his attorneys, praying that they might be required, by decree, to deliver said notes to him, and might be restrained from prosecuting actions against the makers of the notes, and from receiving any money due thereon. *Held,* that T. was entitled to a decree against A., declaring T.'s title to the notes and the proceeds thereof, and also to a decree against A.'s attorneys, requiring them to account for and deliver over to T. the notes or the proceeds thereof, on payment of their legal costs and expenses for services and disbursements.

THIS was a bill in equity, in which the plaintiff set forth the following instrument: "Articles of agreement indented, made and concluded, on the twenty sixth day of June, in the year of our Lord one thousand eight hundred and forty five, by and between Eli Beach of Tolland in the county of Hampden, gentleman, of the one part, and Achsa Snow of Tolland aforesaid, widow, of the other part. Whereas a marriage is shortly intended to be had and solemnized between the said Eli Beach and the said Achsa Snow, and whereas the said Achsa Snow has in her possession both real and personal estate which is described in a schedule hereunto annexed, which she is to hold to her sole and separate use, it is therefore covenanted and agreed by and between the said parties to these presents, in manner and form following, that is to say: I, the said Achsa Snow, do hereby for myself, my heirs, executors, administrators and assigns, covenant and agree with the said Eli Beach, on condition the intended marriage be solemnized, to advance twelve hundred dollars in notes to redeem the farm on which the said Eli now lives,

VOL. XI. 30

said farm being under mortgage, and the mortgages being in the hands of Alonzo Shepard, of Hartford, in consideration of said Shepard's releasing to me one half of said Eli's farm to my sole use ; and I do hereby further agree, that so long as he remains to be a faithful and loving husband to me, and provides faithfully for my comfort and support, he, the said Eli, shall have the use and improvement of my half of said farm ; and I do further agree that if he, the said Eli, shall remain and continue to be thus faithful, and should outlive me, that he shall have the use and improvement of my half of said farm during his natural life ; and I do agree, if any unhappy circumstances should occur, to release to him my half of said farm, by his paying to me the twelve hundred dollars ; and I am to be a faithful and obedient wife to him. I, the said Eli Beach, do hereby, for myself, my heirs, executors, administrators and assigns, covenant and agree with the said Achsa Snow, on condition the intended marriage be solemnized, that in consideration of her advancing twelve hundred dollars in notes, to be applied to redeem two mortgages in the hands of Alonzo Shepard, of Hartford, but for nothing else, she shall, at the redemption of said farm, receive a release from said Shepard of one half of said farm, to her sole and separate use forever ; and I do further agree that should ʻI depart this life before her, she shall have the use and improvement of my part, that is of the whole farm, during her natural life ; or should I neglect the proper duties of a husband, or leave her, she is to have the use and improvement of the whole farm, until she receives her twelve hundred dollars.    In this case she is to release her part of said farm to me, my heirs and assigns.    In witness whereof we have hereunto set our hands and seals.

Eli Beach, (seal.)<br>Achsa  Snow, (seal.)"

The schedule annexed to these articles of agreement is copied in the margin.*

---

* " One certain piece of land situated in Tolland, and county of Hampden, and Commonwealth of Massachusetts, bounded as follows    south on the county

Tinker v. Beach & others.

The plaintiff then alleged, in his bill, that said Eli and Achsa were married on the 15th of July 1845, and that she afterwards petitioned this court for the appointment, pursuant to the provisions of *St.* 1845, *c.* 208, of a trustee to hold said real and personal property, reserved in the aforesaid instrument, in trust for her and to manage the same for her benefit; that at the September term of this court, held at Northampton, in 1845, the court appointed the plaintiff to be trustee, to hold said property in trust for said Achsa, and to manage the same for her benefit; that he accepted said appointment and trust, and gave bond for the faithful performance of the duties thereof; that afterwards, on the 30th of September 1845, said Achsa, by her deed duly executed, conveyed said property to the plaintiff in trust for the purposes in said deed declared; and that the plaintiff, under said appointment and deed, ought to have the custody and care of said property, and of the promissory notes described in said schedule; but that said Eli had obtained said notes, without the consent of said Achsa or of the plaintiff, and, with the intention of depriving said Achsa of the use and benefit of said notes, and defeating the purposes of said trust, had withheld said notes from the plaintiff, and had left them, or part of them, in the office of Bates & Gillett, attorneys at law, to be by them collected for the use of said Eli; that the plaintiff had demanded of said Bates & Gillett a delivery to him of said notes, but

road, west and north on lands of Ashur Moore, east on lands of Eli Beach, containing five acres, with a dwelling-house and barn, and out buildings thereon.

"One note against Oliver E. Slocum, dated Jan. 6, 1845, of $500·00
"One note against Isaac Hale, Benjamin F. Hale, and Francis S. Hale, dated July 7, 1837, of 283·80
"One note against Stephen Palmer, dated April 15, 1845, of 50·00
"One note against Lyman and Seymour Moore, dated April 11, 1845, of 10·00
"One note against Smith and Eli Frost, dated Nov. 11, 1844, of 100·00
"One note against Nathan E. Slocum, dated July 10, 1839, of 66·33
"One note against Nathan E. Slocum, dated March 27, 1841, of 182·00
"The above notes, Achsa Snow agrees to turn to redeem the mortgage on Eli Beach's farm."

that they had refused to deliver the same to him, and had commenced and entered in court, in the names of said Eli and Achsa, without the plaintiff's consent, or the consent of said Achsa, an action or actions on one or more of the said notes signed by Nathan E. Slocum, and had commenced another action against Benjamin F. Hale and others, the makers of another of said notes.

The plaintiff further alleged, in his bill, that before the aforesaid marriage, and at the time of the making of said instrument, the said Eli deceived the said Achsa, by representing to her that he had a right to redeem the farm on which he lived, and that she was, by such deception, induced to agree, by said instrument, to advance twelve hundred dollars, in notes or cash, to redeem the same ; that neither said Eli, nor any one in his behalf, had a right to redeem said farm ; but that his right of redemption, if ever he had any, was then entirely gone from him, as he then well knew.

The prayer of the bill was, that said Eli, and said Bates & Gillett, might make full answers on oath, and might be required to deliver said notes to the plaintiff, as trustee of said Achsa; and that said Bates & Gillett might be restrained from further proceeding to prosecute said actions, and from receiving any money due on any of said notes; and that the makers of said notes might be restrained from paying the same, or any part thereof, to said Eli or to any other person than the plaintiff.

The answer of Eli Beach admitted the execution of the instrument, the accuracy of the schedule annexed thereto, his marriage, the appointment of the plaintiff as trustee, and the conveyance of said Achsa to the plaintiff, as set forth in the bill ; but he denied that said instrument was executed in pursuance of the provisions of *St.* 1845, *c.* 208, or that it had any legal validity, or could be enforced against him by the court, or that the plaintiff, by virtue of said appointment, was authorized and empowered by the court to hold the notes, which are alleged to be in the hands of said Beach. He also denied that he obtained said notes without said Achsa's

consent, and averred that he took them from her, in trust for her, and that he ought to have the possession, care and custody of them ; but he admitted that he obtained the notes without the consent of the plaintiff, and that he claimed to hold them as his own property.   He denied that he intended to deprive said Achsa of the use and benefit arising from the avails of the notes, or to defeat the purposes of any trust ; and also denied that, before his marriage, or at the time of the execution of the said instrument, he deceived the said Achsa, as alleged in the bill, or that she was induced, by any deception, to advance $1200, in notes or cash, to redeem his farm ; but that, on the contrary, he, before the execution of said instrument, went with her to counsel learned in the law, and stated the history of the title of said farm, fully and truly ; whereupon said counsel advised the said Achsa that the said Beach had a right to redeem the same, and that she would be safe in signing said instrument.   He also averred that he had then, and still has, a right to redeem said farm.

The said Beach, in his answer, further stated, that after the said marriage, viz. on the 17th of July 1845, the said Achsa, with her own hands, gave to him the notes described in said schedule, in pursuance of said instrument, and then and there requested and urged him to make a speedy collection of the same, and to apply the proceeds towards the redemption of said farm, as in said instrument was stipulated ; that he left said notes with Bates & Gillett. with orders to collect the same, and that they had commenced the suits mentioned in the bill, without the plaintiff's consent, and had refused to give up the notes to the plaintiff ; but he denied that they had been directed by said Beach to collect the notes for his use, or that he directed the suits to be commenced by them, or that they were commenced against the wishes and without the consent of the said Achsa ; that the said Bates & Gillett were requested by the said Beach to collect said notes and pay over the proceeds to the holders of the mortgages on said farm, and to obtain for the said Achsa a deed of one half thereof, according to the stipulations of said instrument, and that said Bates &

30*

Gillett agreed to collect the notes and apply the proceeds accordingly, and to secure to the said Achsa the amount of the sum so advanced by her.

The said Beach further averred, in his answer, that he put the notes into the hands of Bates & Gillett, for the purpose and with the directions above stated, not because he supposed the court had any authority to enforce any trust under said instrument, or that the notes were not legally his property, but because he was anxious to do as he had agreed with the said Achsa, who had agreed with him as to the manner in which the said portion of her property should be invested; that he, in order to carry out the spirit of said instrument, made an arrangement to raise the money to redeem said farm; pay up the mortgages thereon, and give to the said Achsa a deed of one half thereof, with an assignment and security of the mortgages, upon the same, and that he had been defeated in so doing only by her acts, done, as he believed, under the evil and interested advice of certain persons inimical to him.

The answers of Bates and Gillett set forth the facts, as to the manner in which the notes came into their hands, the directions given to them by Beach, and their proceedings for the purpose of collecting them, substantially as alleged by Beach in his answer.

A replication was filed, and evidence was taken, tending to show that the defendant Beach, on the 26th of June 1845, (the date of the articles of agreement between him and the said Achsa,) had no right to redeem his farm, and that he obtained the notes, mentioned in the bill, without the consent of his wife.

*Boise*, for the plaintiff.

*R. A. Chapman & W. G. Bates*, for the defendants.

SHAW, C. J. The plaintiff was appointed trustee by this court, at September term 1845, upon the application of Achsa Beach, wife of the defendant Eli Beach, pursuant to the power vested in the court by *St.* 1845, *c.* 208. This appointment was made, under the provision in the eighth section of that statute, for the purpose of carrying into effect an

ante-nuptial contract made by said Eli and said Achsa, reciting that she had certain property, real and personal, described in a schedule annexed to said contract, and providing that she should hold and enjoy the same in her own right. After the appointment of the plaintiff as such trustee, the wife, in pursuance of the power vested in her by the enabling clause in said statute, by her deed, duly executed, conveyed to the said trustee all the said property, including the notes mentioned in the plaintiff's bill, which had been placed by her husband in the hands of the other defendants, Bates & Gillett, as attorneys at law, for collection.

The questions presented are merely questions of fact upon evidence. In matter of law, the court are of opinion that, by force of *St.* 1845, *c.* 208, the appointment of the plaintiff as trustee, and the conveyance made by the wife, notwithstanding her coverture, vested the property in question in the plaintiff, and that the wife had not so far exercised her disposing power over the property, before the appointment of the plaintiff as her trustee, as to prevent him from taking and holding it for her use; and that he is well entitled to maintain this bill in equity, to recover the property, and the proceeds thereof, from the defendant Beach and his attorneys, having the actual custody and control over it, and claiming to hold it against the trustee. We think, therefore, that the plaintiff is entitled to a decree against Beach, declaring the plaintiff's title to said property, including the said notes, and the proceeds thereof, in his own hands, or in the hands of his agents, with costs; and also to a decree against Messrs. Bates & Gillett, requiring them to account for, and deliver over to him, the said notes or the proceeds thereof, on payment of their legal costs and expenses for services and disbursements in suits instituted for the collection of said notes, or either of them, or otherwise in relation to the said notes.